IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **ROBIN ANN BURKHART**  *  <br> 2926 Aspen Hill Road <br> Parkville, Maryland 21234  * | |
| *Plaintiff*  * | |
| v.  * | |
| **Officer R. Dickel (#4696)**  *  <br> Baltimore County Police Department <br> Precinct 8/ Parkville  * <br> 8532 Old Harford Road <br> Parkville, Maryland 21234  * | |
| **Officer M. Vlach (#5346)**  *  <br> Baltimore County Police Department <br> Precinct 8/ Parkville  * <br> 8532 Old Harford Road <br> Parkville, Maryland 21234  * | Civil Action No. |
| *Defendants*  * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL
### FOR MONETARY DAMAGES FOR VIOLATION OF
### PLAINTIFF'S CIVIL RIGHTS

NOW COMES Plaintiff, Robin Ann Burkhart, by and through her undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendants, Baltimore County Police Officers R. Dickel (Identification Number 4696) and M. Vlach (Identification Number 5346), and as reasons states as follows:

### Introduction

1.  This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Baltimore County

Police Officers Dickel and Vlach, in their individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2. It is alleged that the individual defendants named herein made an unreasonable seizure of the person of Plaintiff Robin Burkhart, thereby violating her rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendants named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Baltimore County, Maryland.

4. On September 15, 2012, notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Office of the County Attorney for Baltimore County. This notice letter was received by the County Attorney on September 19, 2012, and later acknowledged through a correspondence authored by Deputy County Attorney Gregory E. Gaskins on September 26, 2011.

### Parties

5. Plaintiff Robin Ann Burkhart is a citizen of the State of Maryland residing at 2926 Aspen Hill Road, Parkville, Maryland 21234.

6. At all times relevant to this Complaint, Defendant R. Dickel was a duly authorized agent, servant, and/or employee of the Baltimore County Police Department working out of Precinct 8/Parkville, 8532 Old Harford Road, Parkville, Maryland 21234. At all times relevant to this Complaint, Defendant Dickel was acting within the scope and course of

employment as a member of the Baltimore Police Department. He is sued in this case both independently and in his official capacity.

7. At all times relevant to this Complaint, Defendant M. Vlach was a duly authorized agent, servant, and/or employee of the Baltimore County Police Department working out of Precinct 8/Parkville, 8532 Old Harford Road, Parkville, Maryland 21234. At all times relevant to this Complaint, Defendant Vlach was acting within the scope and course of employment as a member of the Baltimore Police Department. He is sued in this case both independently and in his official capacity.

## Facts

8. On or about July 23, 2011, at approximately 12:15 a.m., Defendant Officers Dickel, and Vlach, along with Baltimore County Police Officer Barber, were dispatched to a call for service at 2926 Aspen Hill Road, Parkville, Maryland.  David Henninger had prompted this police response when he called 911 and claimed that he was assaulted by Brianna Burkhart (then 19 year old daughter of the Plaintiff) who he reported to be "hanging in the basement" of the residence. Mr. Henninger's communication was made in reference to Brianna Burkhart's location and not a suggestion that she had suffered any ill fate.

9. Plaintiff Robin Burkhart was not the subject of the call for police response.

10. When Defendant Officers Dickel and Vlach, and Baltimore County Police Officer Barber arrived at 2926 Aspen Hill Road they knocked on the front door and were permitted into the residence.

11. Baltimore County Police Officer Barber and Defendant Officer Vlach proceeded to the basement to investigate who was present in that location. Defendant Officer Dickel remained near the entryway of the split foyer home.

12. At or about that point in time, Plaintiff Burkhart was standing on the steps leading from the upper level of the residence to the entrance way foyer. Plaintiff Burkhart began descending the stairs, but was stopped by Defendant Officer Dickel who told her to return to the top floor. Defendant Officer Dickel placed his hands on Plaintiff Burkhart and physically pushed her up the flight of stairs.

13. Upon reaching the top of the stair case, Plaintiff Burkhart pointed her finger toward Defendant Officer Dickel and said "get out of my house." Plaintiff Burkhart did not make any physical contact with Defendant Officer Dickel, nor did she act in a manner that was overtly threatening. Plaintiff Burkhart then turned and started walking towards the kitchen.

14. Defendant Officer Dickel then struck Plaintiff Burkhart in the back of her head thereby knocking her to the ground.

15. Defendant Officer Vlach, who had come upstairs after clearing the basement, also physically engaged Plaintiff Burkhart.

16. Defendant Officers Dickel and Vlach restrained Plaintiff Burkhart face down on the floor".

17. While the Plaintiff was being held against the floor by both of the Defendant Officers, Defendant Officer Dickel grabbed Plaintiff Burkhart's left leg and forcefully twisted the limb. Plaintiff Burkhart felt three distinct pops as the officers were wrenching her left leg and immediately started screaming.

18. Plaintiff Burkhart had not physically resisted or otherwise assaulted the Defendant Officers in any way, and the force directed against her was unnecessary, unreasonable and excessive.

19.     At no time during the events described above, was Plaintiff Burkhart a threat to the safety of herself, the Baltimore County police officers responding to her residence, or any other person present in her home.

20.     Plaintiff Burkhart had not committed any criminal offenses during the encounter with the Defendant Officers.

21.     Defendant Officers Dickel and Vlach had no warrant for the arrest of Plaintiff Burkhart, no probable cause for the arrest of Plaintiff Burkhart, and no legal cause or excuse to seize the person of Plaintiff Burkhart.

22.     At all times during the events described above, Defendant Officers Dickel and Vlach were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

23.     Plaintiff Burkhart was placed in handcuffs and ordered by the Defendant Officers Dickel and Vlach to stand up.  Plaintiff Burkhart responded that she could no longer feel her left foot and that she was not able to stand up.

24.     Plaintiff Burkhart was in obvious and apparent need of medical attention after being physically assaulted by the Defendant Officers.  Paramedics were called to the scene.  The Plaintiff was transported from her residence emergently to Franklin Square Hospital.  She was admitted to the hospital though the Emergency Department.  Plaintiff Burkhart was subsequently released from police custody at the hospital, when attending healthcare providers advised Defendant Officer Dickel that Plaintiff Burkhart would undergo emergency surgery and that she was expected to be hospitalized for several days.

25. As a direct result of the assault perpetrated by the Defendant Officers Dickel and Vlach, Plaintiff Burkhart has suffered serious and permanent physical injuries including, but not limited to: a severed popliteal artery, fractures to the tibial plateau in her left leg, and fractures to the fibular head in her left leg. Plaintiff has undergone a series of surgical procedures to treat these causally related injuries including, but not limited to, a revascularization of her lower extremity and total knee arthroplasty.  Plaintiff has also required serial hospitalizations over the course of more than one calendar year and will require additional surgical care and inpatient hospitalization in the future.

26. In addition to the physical injuries described herein, Plaintiff Burkhart suffered the following injuries and damages:

    i. Violation of her well established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of her person;

    ii. Violation of her constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the unreasonable seizure of his person; and Freedom from the use of excessive, unreasonable and unjustified force against his person;

    iii. Loss of her physical liberty;

    iv. Physical pain and suffering;

    v. Emotional trauma and suffering, embarrassment and mental anguish;

    vi. Lost wages and loss of future earning potential;

      vii.  and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant Officers.

27.    The actions of the Defendant Officers Dickel and Vlach violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Burkhart:

      i.  Freedom from the unreasonable seizure of her person;

      ii.  Freedom from the use f excessive, unreasonable and unjustified force against her person.

## COUNT I – BATTERY
### (Plaintiff Robin Burkhart v. Defendant Officer Dickel and Defendant Officer Vlach)

28.    Plaintiff Burkhart hereby incorporates Paragraphs 1 through 27 as if fully restated herein.

29.    Defendant Officers Dickel and Vlach engaged in intentional acts of unlawful conduct with Plaintiff Burkhart such that the Plaintiff sustained serious and permanent injuries.

30.    Defendant Officers Dickel and Vlach utilized unreasonable, unlawful, and excessive force by, among other things, striking her, pinning her against the ground and twisting her leg while she was retrained.

31.    Plaintiff Burkhart in no way consented to the described contact by Defendant Officers Dickel and Vlach; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Officers Dickel and Vlach to act as they did; and did nothing to contribute to the unlawful touching that Defendant Officers Dickel and Vlach inflicted upon her.

32. The conduct of Defendant Officers Dickel and Vlach was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

33. As a direct and proximate result of the assault perpetrated Defendant Officers Dickel and Vlach, Plaintiff Burkhart sustained significant injuries, medical bills, and psychological damages.

## COUNT II-FALSE ARREST
### (Plaintiff Robin Burkhart v. Defendant Officer Dickel and Defendant Officer Vlach)

34. Plaintiff Burkhart hereby incorporates Paragraphs 1 through 27 as if fully restated herein.

35. Defendant Officers Dickel and Vlach did not have any rational reason to believe that Plaintiff Burkhart had engaged in any crime, resisted arrest, acted in a disorderly fashion or failed to obey a lawful order and were therefore without lawful authority or adequate probable cause to detain/arrest the Plaintiff. Plaintiff Burkhart was nevertheless detained as described herein.

36. The false arrest perpetrated by Defendant Officers Dickel and Vlach was made without warrant and without probable cause to support a lawful arrest.

37. The conduct attributed to Defendant Officers Dickel and Vlach demonstrated ill will, improper motivation, and actual malice on the part of the Defendants.

38. As a direct consequence in result of the acts of Defendant Officers Dickel and Vlach described herein, the Plaintiff was deprived of her liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of

money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT III-FALSE IMPRISONMENT
### (Plaintiff Robin Burkhart v. Defendant Officer Dickel and Defendant Officer Vlach)

39. Plaintiff Burkhart hereby incorporates Paragraphs 1 through 27 as if fully restated herein.

40. Defendant Officers Dickel and Vlach falsely imprisoned the Plaintiff throughout the course of events described herein. The instances of a false imprisonment include, but are not limited to, the time periods during which Plaintiff Burkhart was (1) restrained by Defendant Officers Dickel and Vlach in her home, (2) forcefully thrown against the ground by Defendant Officers Dickel and Vlach (3) held to the ground by Defendant Officers Dickel and Vlach during the course of an ongoing physical assault, and (4) handcuffed to a hospital bed at the Franklin Square Emergency Room.

41. The actions of Defendant Officers Dickel and Vlach caused Plaintiff Burkhart to be unlawfully deprived of her liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

42. As a result of the unlawful conduct described herein, Plaintiff Burkhart was detained against her will and sustained significant injuries and damages described herein.

43. The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

44. As a direct consequence in result of the acts of Defendant Officers Dickel and Vlach described herein, the Plaintiff was deprived of her liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of

money spent to alleviate the injuries that were inflicted by the Defendant.  The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT IV – CONSPIRACY

**(Plaintiff Robin Burkhart v. Defendant Officer Dickel and Defendant Officer Vlach)**

45. Plaintiff Burkhart hereby incorporates Paragraphs 1 through 44 as if fully restated herein.

46. Defendant Officers Dickel and Vlach conspired on the scene and agreed to detain and batter the Plaintiff.

47. Defendants Dickel and Vlach further conspired to obfuscate their errant and unconstitutional behavior.

48. The ongoing course of action by Defendants Dickel and Vlach was a concerted action that was designed to create a situation where the excessively vicious conduct toward the Plaintiff would be considered reasonable and/or attributed to someone other than the responsible police officers.

49. Plaintiff has suffered significant injures and damages as a result of the Defendants' conspiracy.

## COUNT V – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS
**(Plaintiff Robin Burkhart v. Defendant Officer Dickel and Defendant Officer Vlach)**

50. Plaintiff Burkhart hereby incorporates Paragraphs 1 through 49 as if fully restated herein.

51. At all times relevant to this Complaint, Plaintiff Burkhart had rights afforded to her by the Fourth and Fourteenth Amendments to the United States Constitution not to have her

person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of her liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished.

52. At all times relevant herein, Defendant Officers Dickel and Vlach were acting under the color of State and local law and as members of the Baltimore County Police Department. Their conduct therefore triggers 42 U.S.C. §1983.

53. Defendant Officers Dickel and Vlach actions and omissions deprived Plaintiff Burkhart of her clearly established and well-settled constitutional rights.

54. Defendant Officers Dickel and Vlach knowingly acted to deprive the Plaintiff of her constitutional rights maliciously and with reckless disregard. Defendant Officers Dickel and Vlach also conspired with other members of the Baltimore County Police Department who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

55. Plaintiff Burkhart claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Officers Dickel and Vlach for violation of her constitutional rights under color of law.

## COUNT VI – VIOLATION OF MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Robin Burkhart v. Defendant Officer Dickel and Defendant Officer Vlach)**

56. Plaintiff Burkhart hereby incorporates Paragraphs 1 through 55 as if fully restated herein.

57. As a direct and proximate result of the actions and omissions of Defendant Officers Dickel and Vlach, described herein, all of which were committed under the color of their authority as members of the Baltimore County Police Department and while acting in the capacity of duly authorized police officer, Plaintiff Burkhart was deprived of rights and

immunities secured to her under the Maryland Declaration of Rights – in particular, her right not to be subjected excessive force during the course of an ongoing arrest.

58. As a direct consequence and result of the actions and omissions of Defendant Officers Dickel and Vlach described herein, Plaintiff Burkhart was deprived of her liberty; was caused to suffer physical injuries; lost time from her employment; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

WHEREFORE, Plaintiff Robin A. Burkhart hereby requests that this Honorable Court:

(A) Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Baltimore County Police officers Dickel and Vlach jointly and severally;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Baltimore County Police Officers Dickel and Vlach jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff, Robin Ann Burkhart*

## **PRAYER FOR JURY TRIAL**

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____
Anton L. Iamele