IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Maryland)

| | |
|---|---|
| Robin Ann Burkhart | * |
| Plaintiff | * |
| v. | * |
| Officer Ryan Dickel, et al. | * |
| Defendants | * Civil Action No.:  CCB-12-CV-3320 |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE THE EXPERT AND/OR OPINION TESTIMONY OF DR. DAVID FOWLER**

"A District Court considering the admissibility of expert testimony exercises a gatekeeping function to assess whether the proffered evidence is sufficiently reliable and relevant. The inquiry to be undertaken by the District Court is "a flexible one" focusing on the "principles and methodology" employed by the expert, not on the conclusions reached. In making its initial determination of whether proffered testimony is sufficiently reliable, the Court has broad latitude to consider whatever factors bearing on validity that the Court finds to be useful; the particular factors will depend upon the unique circumstances of the expert testimony involved. The Court, however, should be conscious of two guiding, and sometimes competing, principles. On the one hand, the Court should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence. And, the Court need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct. As with all other admissible evidence, expert testimony is subject to being tested by "vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof.""

McLein, Maryland Evidence, Section 702:5; *Westberry vs. Gislaved Gummi AB*,

178 F. 3d 257, 261 (4th Circuit 1999).

1

Dr. David Fowler issued two reports in this case, one dated September 20, 2013 and one dated May 13, 2015. Dr. Fowler's first report expressed an opinion based on a description of the injury as recited by the Plaintiff.

In response to Defendant's Interrogatory #2, Ms. Burkhart described what occurred when she was injured: "Plaintiff heard three distinct pops as the officers were twisting her left leg and had an immediate onset of pain." (Exhibit #1). Based upon Ms. Burkhart's description of the occurrence, medical and clinical records, Dr. Fowler's expert opinion was that her description was inconsistent with how a tibial plateau fracture occurs. To support his opinion he offered the following:

> Tibial plateau fractures are typically of two types. Low energy fractures are seen in the elderly and usually of the depressed type. High energy fractures of this weight bearing surface are usually seen in sports injuries, falls and motor vehicle accidents.
>
> Twisting forces on the knee typically cause soft tissue injury such as ligamentous or cartilaginous injuries. No such injuries were documented in the clinical records.
>
> The twisting and pulling and the popping sound at the time was described by Ms. Burkhart are not consistent with the fractures seen in this case.
>
> (Ex. #2, p. 2, Opinion).

The second report was generated after Dr. Fowler was requested by the Defendants to offer an opinion as to a possible mechanism of injury to the Plaintiff's knee. His opinion is as follows:

> "In the light of the osteoporotic bone changes in Ms. Burkhart's knee, a review of the supplied statements and the injury pattern, the circumstances

consistent with this injury in this case are a backward directed compressive force."

The statements indicate that Ms. Burkhart was placed on her knees as part of the restraint process. At this time there would have been a backward and compressive force onto the upper tibia allowing the fracturing and backward displacement of the tibia.

None of the other described motions (pulling, twisting) are consistent with the observed compressive injury.

(Exhibit #3)

The burden of causation is squarely on the Plaintiff. However, the Defendants should not be precluded from but are entitled to provide expert medical testimony as to a practicable mechanism of the injury to Ms. Burkhart's knee. Just because Dr. Fowler's expert medical opinion is contrary to Plaintiff's unsubstantiated recitation of the incident and offers a plausible explanation as to the mechanism of her injury, does not render his opinion irrelevant or unsubstantiated.

The irony in the Plaintiff's Motion is that it argues against the forensic medical knowledge of Dr. Fowler while at the same time proposing to use Drs. Sarkar and Zakai who base their opinions exclusively on the version of events described by the Plaintiff. Dr. Sarkar based his opinion solely on the Plaintiff's description of the physical altercation, and cannot give a description of the mechanism of the injury to Plaintiff's knee. Dr. Zakai only read the Plaintiff's deposition and opines that her version is consistent with the injuries without an explanation as to the absence of ligament or cartilage injury. The jury will not be

misled or confused as it is within the province of the jury to believe or disregard any or all of the expert testimony.

Wherefore, the Defendants respectfully request that the Motion in Limine to exclude the testimony of Dr. Fowler be denied.

                                                Respectfully submitted,
MICHAEL E. FIELD
County Attorney

                //s//
JAMES S. RUCKLE, JR.
Trial Bar No.: 04791
Assistant County Attorney
Baltimore County Office of Law
Old Courthouse, 2nd Floor
400 Washington Avenue
Towson, Maryland 21204
(410) 887-4420 Office
(410) 296-0931 Facsimile

                //s//
JORDAN V. WATTS, JR.
Trial Bar No.: 27447
Assistant County Attorney
Baltimore County Office of Law
400 Washington Avenue
Towson, Maryland 21204
(410) 887-4420 Office
(410) 296-0931 Facsimile
jwatts@baltimorecountymd.gov