FILED: May 2, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1165
(1:12-cv-03320-CCB)

ROBIN ANN BURKHART

    Plaintiff - Appellant

v.

OFFICER R. DICKEL, (#4696); OFFICER M. VLACH, (#5346)

    Defendants - Appellees

JUDGMENT

    In accordance with the decision of this court, the judgment of the district court is affirmed.

    This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1165

ROBIN ANN BURKHART,

        Plaintiff - Appellant,

v.

OFFICER R. DICKEL, (#4696); OFFICER M. VLACH, (#5346),

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:12-cv-03320-CCB)

Submitted: January 30, 2018          Decided: May 2, 2018

Before GREGORY, Chief Judge, and WYNN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anton L. Iamele, IAMELE & IAMELE, LLP, Baltimore, Maryland, for Appellant. Michael E. Field, County Attorney, James S. Ruckle, Jr., Jordan V. Watts, Jr., Assistant County Attorneys, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Ann Burkhart filed a complaint against the Appellees, Ryan Dickel and Michael Vlach, police officers with the Baltimore County Police Department, alleging that they used excessive force in arresting her, causing severe injuries to her left leg. Following a trial, the jury found against Burkhart on all counts and the district court denied Burkhart's motion for a judgment as a matter of law or in the alternative a new trial. Burkhart appeals, arguing that the district court abused its discretion in admitting the challenged testimony of one of the Appellees' experts regarding whether she had osteoporosis at the time of the injury.

We review the district court's application of *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), for abuse of discretion. *Nease v. Ford Motor Co.*, 848 F.3d 219, 228 (4th Cir.), *cert. denied*, 137 S. Ct. 2250 (2017). A district court abuses its discretion if it makes an error of law in deciding an evidentiary question or if its conclusion rests on a clearly erroneous factual finding. *Id.*

Prior to the trial, Burkhart sought to exclude some of the opinions one of the Appellees' experts, radiologist Dr. Barry Daly; specifically, Burkhart argued that Daly should not be allowed to opine that she suffered from osteoporosis in her left leg on the date of her arrest based on Daly's review of scans of that leg performed three weeks after her arrest, and that Daly should not be allowed to testify regarding the mechanism of her injury. The district court sustained Burkhart's objection to Daly offering an opinion on the mechanism of her injury, but denied Burkhart's motion with respect to Daly's other opinion; at trial, Daly testified that osteoporosis was evident in the scan of Burkhart's leg

2

taken after she sustained her injury and that the condition would have been present on the date of Burkhart's arrest. On appeal, Burkhart argues that the district court failed to perform its gatekeeping function in allowing this testimony at trial and that Daly, in contravention of the district court's order, testified regarding the mechanism of her injury. We disagree.

In *Daubert*, the Supreme Court explained that Fed. R. Evid. 702 governs the standard for evaluating the admissibility of expert testimony. *Id.* at 228-29. A district court must exercise a gatekeeping responsibility in evaluating expert testimony, ensuring that experts' opinions both rest on reliable foundations and are relevant. *Id.* at 229. "To be relevant under *Daubert*, the proposed expert testimony must have a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 229 (internal quotation marks omitted). "With respect to reliability, the district court must ensure that the proffered expert opinion is based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Id.* (internal quotation marks and emphasis omitted).

Here, Burkhart concedes that Daly could properly offer an opinion regarding her osteoporotic condition on the date that the scan occurred, but was not qualified to opine that such condition existed three weeks prior as she could have developed the condition in that interim period as a result of the injuries to her knee. However, there was competing expert testimony at trial regarding the length of time such a condition could develop as a result of the type of injuries Burkhart sustained and her subsequent lack of use of the leg. Daly explained that in his opinion, the severity of Burkhart's condition

could not have developed within the three weeks between her injury and the scan as, based on his experience and expertise, the degree of bone deterioration evident in the scan could not be explained by Burkhart's disuse of the leg, medications she was taking, and lack of blood flow to the leg. Daly also disagreed with the conclusion of other experts that Burkhart suffered from assymetrical osteoporosis—where the bone deterioration in her left leg was significantly more advanced than in Burkhart's other bones—based on his opinion that the degree of difference between the bone deterioration was not substantial and that the difference, which appeared on scans taken months and years after her injury, could be explained by her lack of use of the leg over that ensuing period of time. Therefore, Daly explained his methodology in determining that Burkhart suffered from osteoporosis on the date of her arrest, and his opinion rested on a sufficient foundation.

Daly's opinion was also relevant to a central issue in the case. The expert testimony at trial demonstrated that the type of injuries Burkhart suffered typically result from high impact events such as car accidents, which did not occur here. Daly concluded that Burkhart's osteoporosis could have accounted for the severity of her injuries because bone mineral density is one of the factors affecting the point at which a bone will fail, and break or fracture. Although the density of the bone is not the only pertinent factor in making this determination, it is certainly relevant to the question of the amount of force necessary to cause the bone to fail. Thus, the district court did not abuse its discretion in admitting this testimony.

4

Furthermore, Daly did not testify regarding the mechanism of Burkhart's injuries in contravention of the district court's pretrial ruling. Daly merely stated that none of the accounts of the witnesses to the incident, including that of Burkhart and the Appellees, explained the severity of Burkhart's injuries. This was not tantamount to an explanation of what kind of movement or degree of force would have been necessary to cause the injuries. Moreover, while some experts opined that Burkhart's account of her arrest and the Appellees' actions could properly account for the type of injuries she suffered, other experts testified similar to Daly that none of the witness testimonies explained the injuries.

Finally, in his testimony, Daly discussed the various risk factors for developing osteoporosis, and highlighted those present in Burkhart's case. Burkhart challenges this testimony as unsupported as Daly had not reviewed all of Burkhart's medical records prior to concluding which risk factors applied to Burkhart. However, the factors identified by Daly as applying to Burkhart were readily available from the records of Burkhart's treating physicians, which were based on their observations and Burkhart's own statements. Therefore, this aspect of Daly's testimony was not unsupported in the record.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

5

FILED: May 2, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1165,    Robin Burkhart v. R. Dickel
1:12-cv-03320-CCB

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:**
Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

# U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
(Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
- Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
- Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. . (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
- Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).

Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|
| Document | No. of Pages | | No. of Copies | | Page Cost (≤$.15) | Total Cost |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____    **Date:** _____

### Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____    **Date:** _____